UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| HAROLD EDWIN KING, | Case No. 16-CV-0576 (MJD/FLN) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| FAMILY VIDEO CORPORATION, | |
| Defendant. | |

---

Plaintiff Harold Edwin King alleges that defendant Family Video Corporation ("Family Video") refused to hire him on account of his age and acted both negligently and fraudulently in processing his employment application. King did not pay the filing fee for this matter, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.[1]

An IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be

---

[1] Usually, upon review of an IFP application, this Court will first consider whether the litigant qualifies financially for IFP status. King's IFP application, however, provides too little detail for an accurate assessment of whether he qualifies for IFP status. For instance, it is extraordinarily doubtful that King has *absolutely* no assets or expenses, as he attests in the IFP application. King's IFP application should, at a minimum, provide some explanation as to how this unusual set of circumstances is possible. In any event, regardless of whether King qualifies financially for IFP status, his IFP application should be denied because his complaint fails to state a claim on which relief can be granted.

granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

King's allegations of age discrimination, negligence, and fraud are on the whole conclusory and implausible. Although King alleges that Family Video graded his job application in a way that "misrepresented [his] skills and employment aptitude," and that this was done "in an attempt to discriminate illegally, based on age,"[2] Compl. ¶¶ 7, 10 [ECF No. 1], King appears to have no basis for his allegations other than the fact that Family Video did not grant his application. For example, King does not explain how exactly Family Video "fraudulently misgrad[ed]" his employment test (or what that even means in this context), Compl. ¶ 8, or why he believes that his age played a role in Family Video's decision, or when the events at issue occurred. Indeed, King's allegations of discrimination, negligence, and fraud appear to be based upon nothing more than the fact that he was not hired by a subsidiary business of Family Video

---

[2]King does not mention his age in his complaint, but he attests in his IFP application that he is 43 years old. *See* ECF No. 2 at 5.

after submitting a job application.[3] These meager allegations are not enough to sustain a federal lawsuit. *See Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1014-15 (8th Cir. 2013). It is therefore recommended that this action be summarily dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Tisdell v. Crow Wing Cnty.*, No. 13-CV-2531 (PJS/LIB), 2014 WL 1757929, at *5 n.7 (D. Minn. Apr. 30, 2014) (citing cases and recommending dismissal without prejudice for pleading that failed to state a claim upon which relief could be granted where amendment of the complaint would not necessarily be futile).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be SUMMARILY DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The IFP application of plaintiff Harold Edwin King [ECF No. 2] be DENIED.

Dated: March 25, 2016       *s/Franklin L. Noel*
                            Franklin L. Noel
                            United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a

---

[3] This Court notes, as an aside, that this was one of three discrimination and fraud lawsuits filed by King in this District on the same day. *See King v. Zumbro House, Inc.*, No. 16-CV-0574 (JNE/FLN) (D. Minn. filed Mar. 7, 2016); *King v. American Public University System*, No. 16-CV-0575 (WMW/FLN) (D. Minn. filed Mar. 7, 2016).

copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.